WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-07-01279-001-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Conrado Brasil Garcia-Medina, | |
| Defendant. | |

Pending before the Court is Defendant Conrado Brasil Garcia-Medina's Motion for Compassionate Release pursuant to 18 U.S.C. Section 3582(c)(1)(A). (Doc. 82). The government opposes the Motion. (Doc. 83). The Court now rules.

**I.    INTRODUCTION**

Defendant pleaded guilty on April 14, 2008, to possessing a firearm in furtherance of a crime of violence. (Doc. 71). This Court sentenced Defendant to 25 years of imprisonment. (Doc. 78). As of this writing, Defendant has served more than half of his 25-year sentence and his projected release date is November 9, 2029. (Doc. 83 at 3).

Defendant has filed a Motion arguing that his "sentence is greater than necessary to comply with the purpose of sentencing." (Doc. 82 at 7). Specifically, Defendant argues that a 25-year sentence for his first conviction "extraordinary and compelling" to warrant a sentence reduction. (*Id.* at 5). Defendant further argues that the § 3553(a) factors weigh in favor of his release. (*Id.* at 8).

In response, the government asserts that Defendant has failed to demonstrate

extraordinary and compelling circumstances to warrant compassionate release. (Doc. 83 at 3-6). The government further contends that § 3553(a) factors weigh against his release given the severity of his offense. (*Id.* at 7). For the following reasons, Defendant's Motion for Compassionate Release is denied. (Doc. 82).

## II.   LEGAL STANDARD

A court generally may not modify a prison sentence once it has been imposed. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.") (quoting 18 U.S.C. § 3582(b)). One such statute is 18 U.S.C. § 3582(c)(1), which governs motions for compassionate release. *See United States v. Fuller*, No. CR17-0324JLR, 2020 WL 1847751, at *2 (W.D. Wash. Apr. 13, 2020).

Until recently, only BOP could bring a motion for the compassionate release of a prisoner. But as part of the First Step Act of 2018, federal prisoners may now directly seek such release from the court. The statute provides the court with authority to reduce a prisoner's sentence if three conditions are met: (1) the inmate has exhausted his administrative appeal rights; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the United States Sentencing Commission's policy statement. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also Riley v. United States*, No. C19-1522JLR, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020). A district court may also consider whether a defendant has shown he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13; *see United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021). "A defendant bears the burden of demonstrating that he poses no danger to the community upon release." *United States v. Magana-Lopez*, No. CR-11-04200-001-TUC-RCC (JR), 2020 WL 6827766, at *4 (D. Ariz. Nov. 20, 2020).

## III.   DISCUSSION

To start, the Court will determine whether Defendant has exhausted the appropriate

administrative remedies. Then, the Court will analyze whether there are extraordinary and compelling reasons warranting Defendant's release. Given the nature of his offense, the Court will then look to see whether Defendant poses a danger to the community. Finally, the Court will consider whether the § 3553(a) factors warrant Defendant's release.

### A. Exhaustion of Administrative Remedies

The first condition the Court considers is whether Defendant has exhausted his administrative remedies. Defendant contends that he has exhausted his administrative remedies. (Doc. 82 at 3). The government concedes that Defendant has satisfied the exhaustion requirement. (Doc. 83 at 3 n.1). Accordingly, the Court finds that Defendant has satisfied the exhaustion requirement.

### B. Extraordinary and Compelling Reasons for Release

Defendant argues that extraordinary and compelling reasons justify a reduction in his sentence. (Doc. 82). The Court disagrees.

Reducing a sentence under the compassionate release statute is reserved for "extraordinary and compelling reasons." 28 C.F.R. § 571.60. 18 U.S.C. § 3582(c)(1). Congress did not define extraordinary and compelling reasons; instead, Congress directed the Sentencing Commission ("Commission") to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under compassionate release." 28 U.S.C. § 994(t). Congress did provide that rehabilitation alone is not enough to meet the extraordinary and compelling reasons. *Id.*

In a policy statement, the Commission described extraordinary and compelling reasons as: (1) the medical condition of the defendant; (2) the age of the defendant; (3) family circumstances; and (4) any other extraordinary and compelling reason determined by BOP. United States Sentencing Guidelines Manual § 1B1.13 cmt. 1. It is undisputed that there is no illness, old age, or family circumstance that provides the basis for granting compassionate release here. Rather, Defendant argues that his sentence is an "unusual case" and "seems very harsh and very disproportionate to those with similar crimes." (Doc. 82 at 5).

Because the Commission's policy statement was not amended after the First Step Act, there is an open question as to whether the Court may consider only these reasons and other reasons determined by the BOP, or whether it may go beyond those reasons. Most courts have found that they have the discretion to go beyond those reasons to determine what constitutes extraordinary and compelling circumstances. *See, e.g.*, *United States v. Mondaca*, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020); *United States v. Redd*, 444 F. Supp. 3d 717 (E.D. Va. Mar. 16, 2020); *United States v. Barber*, 2020 WL 2404679, at *3 (D. Or. May 12, 2020). And these courts have said that there are extraordinary and compelling reasons in situations where "uncommon circumstances and continued imprisonment would result in a significant collateral or secondary harm to the defendant." *United States v. Andrews*, 480 F. Supp. 3d 669, 684 (E.D. Pa. 2020); *United States v. Beck*, 425 F. Supp. 3d 573, 581 (M.D.N.C. 2019); *United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019); *United States v. Ebbers*, 432 F. Supp. 3d 421, 432 (S.D.N.Y. 2020).

Here, Defendant's harm is neither extraordinary nor compelling. He contends that there is an "enormous disparity between [his] sentence and the sentence a defendant would receive today." (Doc. 82 at 6). While Defendant acknowledges that the cases cited involved stacking, he argues that the Court should use "the very same language, to shed light on Defendant's sentence." (*Id.* at 7).

Yet Defendant has not provided any evidence that his sentence is in gross disparity with what he would receive today. Though his offense carried a minimum term of five years, 18 U.S.C. § 924 (c)(1)(A)(i), the stipulated plea agreement provided a sentencing range between 15 and 25 years. (Doc. 71 at 2). And after assessing the facts of the case, the Court concluded a 25-year sentence was necessary to satisfy the 18 U.S.C. § 3553(a) factors given the seriousness of Defendant's offense. (Doc. 78).

While there may be harm in his continued imprisonment, "this type of harm is not collateral or secondary to imprisonment." *Andrews*, 480 F. Supp. 3d at 688. Rather, the harm is the nature of the imprisonment itself. This is not a harm that compassionate release was intended to remedy. Therefore, the Court finds that Defendant does not present

extraordinary and compelling reasons for granting compassionate release.[1]

### C. Danger to Community

Even if Defendant were to establish a compelling and extraordinary case for early release, the Court could still deny his Motion for Compassionate Release if it finds that he poses a danger to the community. *See United States v. Capito*, No. CR-10-08050-001-PCT-MTL, 2020 WL 5846608, at *5 (D. Ariz. Oct. 1, 2020). Defendant's Motion does not address this argument. Nevertheless, the Court will proceed with an analysis.

As mentioned in his Motion, Defendant has completed several classes during his incarceration. (Doc. 82 at 7). Defendant has also had a clean disciplinary record. (*Id.* at 13). While Defendant's good behavior and rehabilitative efforts in prison are commendable, the Court believes he still poses a danger to society. *United States v. Applewhite*, No. 6:08-cr-60037-MC, 2020 WL 137452, at *2 (D. Or. Jan. 13, 2020) ("The Court acknowledges that Mr. Applewhite has been a model inmate but is unconvinced that such behavior warrants an abrupt departure from his current sentence."). As the government notes, given the seriousness of the crimes, there "is no reason to think that Garcia-Medina poses less of a danger to the community." (Doc. 83 at 7). It is not a stretch to say that the type of person who could engage in such conduct might remain a danger to the community even after spending 14 years in prison. Accordingly, the Court finds that Defendant is a danger to the community.

### D. § 3553(a) Factors

The Court further denies Defendant's Motion because the § 3553(a) factors weigh

---

[1] Because Defendant filed his motion solely under 18 U.S.C. Section 3582(c)(1)(A), this Court has considered it solely under 18 U.S.C. Section 3582(c)(1)(A). Meaning, the Court did not convert it to a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, even though the arguments contained herein would seem to be more appropriately raised under that statute. Nonetheless, because the Court has not given Defendant the warnings required by *Castro v. United States*, 540 U.S. 375, 383 (2003), the Court has not recharacterized his filing. (When a district court recharacterizes a pro se litigant's motion as a motion pursuant to 28 U.S.C. § 2255, the court must "notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second and successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."). By this Order, the Court does not suggest that a motion under 28 U.S.C. § 2255 would be timely or well taken.

against his release. The § 3553(a) "factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

Defendant argues that the Section 3553(a) factors weigh in favor of release because he has served a significant portion of his sentence, and that he has made extensive efforts for rehabilitation such that the sentence served appropriately reflects the seriousness of the offense. (Doc. 82 at 7). The government responds that the Section 3553(a) factors do not support Defendant's request for early release, as they argue Defendant still poses a risk to the community. (Doc. 83 at 7).

Having considered the applicable § 3553(a) factors, the Court finds that compassionate release would not reflect the seriousness of his offense, promote respect for the law, provide just punishment for his serious offense, or afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a). Defendant engaged in serious criminal conduct by possessing a firearm in furtherance of a crime of violence. And as this Court said at his sentencing, "there also has to be a message to others that might be tempted to engage in kidnapping and torture that this simply will not be tolerated, that this is something that is a crime against humanity of one of the highest orders." (Doc. 78 at 21). The Court's statement remains true today. On balance, the Court finds that the § 3553(a) factors do not favor release.

**IV.   CONCLUSION**

In sum, Defendant has failed to provide extraordinary and compelling reasons supporting his release, and the § 3553(a) factors weigh against his release. Accordingly,

///

///

**IT IS ORDERED** that Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. Section 3582(c)(1)(A) (Doc. 82) is **DENIED**.

Dated this 26th day of January, 2022.

James A. Teilborg
Senior United States District Judge