**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-07-01279-001-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Conrado Brasil Garcia-Medina, | |
| Defendant. | |

Pending before the Court is Defendant Conrado Brasil Garcia-Medina's Pro Se Motion for a Reduction of Sentence Pursuant to 18 U.S.C. Section 3582(c)(2). (Doc. 85). Defendant requests a sentence reduction under recent United States Sentencing Guidelines ("U.S.S.G.") Amendment 821, which (among other things) modified the status points provision. (Doc. 85 at 3). The Motion was reviewed by a Federal Public Defender ("FPD") in accordance with General Order 23-20 (November 8, 2023). (Doc. 86 at 1). On February 28, 2024, the FPD filed a notice indicating that she would not supplement Defendant's pro se filing.[1] (*Id.*). Consistent with General Order 23-20, a supplemental presentence report was prepared and filed. (Doc. 87).[2]

**I. BACKGROUND**

On April 14, 2008, Defendant entered into a plea agreement. (Doc. 71). The parties stipulated to a sentence of imprisonment between 15 and 25 years. (*Id.* at 2) This Court

---

[1] It does not appear from the record that a copy of this notice was sent to the Defendant, pro se. However, a copy was sent to his original counsel, Robert Bruce Stirling, II, who never withdrew as counsel.

[2] This document appears to have been served in the same manner as footnote 1.

sentenced Defendant to 25 years of imprisonment. (Doc. 72).

## II. DISCUSSION

Defendant is not eligible for a reduction of sentence in this case because the guideline range provided at sentencing already included the statutory minimum. (Doc. 78 at 5). Defendant pled guilty to a of a violation of 18 U.S.C. § 942(c)(1)(A)(i). (Doc. 71). Pursuant to U.S.S.G. §2K2.4(b), the guideline sentence was the minimum term of imprisonment required by statute. (Doc. 78 at 5). The statutory range for the crime to which Defendant pled guilty was five years to life. (Doc. 71 at 2). Therefore, because the guideline provision cannot be reduced any further in accordance with the statutory minimum, Amendment 821 is inapplicable to Defendant.[3]

Accordingly,

**IT IS ORDERED** denying Defendant's Motion for a Reduction of Sentence Pursuant to 18 U.S.C. Section 3582(c)(2) (Doc. 85).

Dated this 4th day of June, 2024.

*James A. Teilborg*
Senior United States District Judge

---

[3] Additionally, in his plea agreement, Defendant expressly waived his right to collaterally attack his sentence. (Doc. 71 at 4). Thus, alternatively, because Defendant waived the right to file this motion collaterally attacking his sentence, relief is denied. *See United States v. Villa-Luna*, No. CR-17-1764-01-TUC-CKJ, 2024 WL 1240289, at *2 (D. Ariz. Mar. 22, 2024) ("The Court finds, therefore, Villa-Luna has waived the right [to] request a reduction of sentence based on the amended guidelines regarding zero criminal history points."); *United States v. Fernandez*, No. CR-21-0955-01-PHX-DLR, 2024 WL 915247, at *1 (D. Ariz. Mar. 4, 2024) (same); *United States v. Maldonado*, No. CR-22-0890-01-TUC-DLR, 2024 WL 915223, at *1 (D. Ariz. Mar. 4, 2024) (same).